UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-142-GFVT

CLAYTON P. CROWE                                                              PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

GREGORY VAN TATENHOVE, ET AL.                                      RESPONDENTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Clayton P. Crowe ("Crowe") is a prisoner incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky, who has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Crowe is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      BACKGROUND**

On May 22, 1995, a jury found Crowe guilty of twelve counts of extortion, racketeering, and threats by mail in violation of 18 U.S.C. § 876. On December 13, 1995, Crowe was sentenced to a combined term of 720 months of incarceration to be followed by a three-year term

of supervised release. Crowe then filed a notice of appeal to the Fourth Circuit, which affirmed his conviction on appeal on February 20, 1996. *United States v. Crowe*, 94-CR-32, Western District of North Carolina. [Dkts. 94, 102, 105, 107 therein]

In his present petition, Crowe asserts that his convictions are void because the criminal statutes under which he was convicted were not passed by both houses of Congress in a single session of the Eightieth Congress as assertedly required by the Presentment Clause, Article I, Section 7, Clause 2 of the Constitution of the United States. Crowe has named as respondents in this proceeding United States Attorney General Alberto Gonzalez; Warden Hector Rios; United States District Judge Joseph M. Hood; and the undersigned. With respect to Judge Hood and the undersigned, the petition states only that "Joseph M. Hood & Gregory Van Tatenhove are U.S. Judges with predisposed minds in conspiracy with others named." In a subsequent motion, Crowe requests:

> [t]he Honorable Gregory F. Van Tatenhove to recuse himself from this case and all cases related to the issues raised in this cause of action, especially where he is expressly named as a party in this action having a predisposed mind towards the petitioner or the issues raised in this action.

Request for Judge Van Tatenhove to Recuse Himself [Dkt. 4]

**II.   DISCUSSION**

    A.    <u>Motion to Recuse</u>.

At the outset, the Court concludes that recusal of the undersigned is neither necessary or appropriate in this habeas proceeding. The statute governing recusal of a district judge in federal court states, in pertinent part:

>(a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>(b)  He shall also disqualify himself in the following circumstances:
>
>>(1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>...
>>
>>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>
>>>(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

28 U.S.C. § 455.  Crowe asserts that recusal is required because (1) he has named the undersigned as a respondent in this proceeding; (2) the undersigned is personally biased against the petitioner; and/or (3) the undersigned is "predisposed" regarding the issues raised in the petition.  The Court will address these contentions in turn.

Crowe has named the undersigned and United States District Judge Joseph M. Hood as respondents in this habeas proceeding along with United States Attorney General Alberto Gonzalez and U.S.P.- Big Sandy Warden Hector Rios.  Section 455(b)(5)(i) would therefore ordinarily dictate recusal where a judge is named as a party in the proceeding.  However, the Supreme Court has made clear that there is only one proper respondent to a petition brought pursuant to Section 2241:  the person who has custody over the petitioner.  *Rumsfeld v. Padilla*, 542 U.S. 426, 429 (2004).  See also 28 U.S.C. § 2242; 28 U.S.C. § 2243 (writ or order to show cause is to be directed "to the person having custody of the person detained").  Accordingly, all of the respondents except Warden Rios should be dismissed from this action.  Further, the

petition does not (indeed, could not) state any request for relief directed at the undersigned, as the only relief available in a habeas proceeding is a release from custody, an act only the warden possesses the power to effect. *Brink v. Rouch*, 677 F. Supp. 569 (C.D. Ill. 1988) (petition for writ of habeas corpus is properly presented against custodian, rather than trial court judge); *Deuer Mfg., Inc. v. Kent Products, Inc.*, 760 F. Supp. 609 (E.D. Mich. 1989) (recusal was not required even where judge was named as a respondent in mandamus proceeding where judge was only a nominal party with no real interest in outcome of proceeding). Because the undersigned is not properly a party in this proceeding, Section 455(b)(5)(i) does not require recusal in this proceeding.

Section 455(b)(1) requires recusal where a judge "has a personal bias or prejudice concerning a party." However, Crowe has never been before this Court in any proceeding, and the undersigned has had no interaction with the petitioner in any capacity. Crowe has failed to make anything other than a single generalized allegation of bias unsupported by specific facts, and the absence of any personal or professional interaction demonstrates the absence of any such bias. This section therefore does not provide any basis for recusal. *Flynn v. Dyzwilewski*, 644 F.Supp. 769, 771 (N.D. Ill. 1986) (inmate's nonspecific allegation of bias in favor of law enforcement and against inmate held insufficient to warrant recusal).

Crowe asserts that Section 455(a) requires recusal because the undersigned has a "predisposed mind towards ... the issues raised in this action" suggesting that the undersigned's "impartiality might reasonably be questioned." Although Crowe does not specifically articulate why the undersigned would be predisposed in one way or another, the Court recently has addressed this Presentment Clause claim in number of cases of which Crowe may be aware. For

example, in *Garey v. Bush*, 06-201-GFVT, the petitioner raised several arguments substantially identical to those presented here. In that proceeding, Garey, like Crowe, argued that his criminal convictions were void because the pertinent criminal statutes were not valid because they were passed by Congress in 1948 in a manner which violated the Presentment Clause. [Dkt. 1 therein] In a Memorandum Opinion and Order, the Court denied the petition on procedural grounds. [Dkt. 9 therein] Petitioner Crowe appears to argue that because the Court has addressed a similar or identical legal issue before, its "impartiality might reasonably be questioned." However, the law is very clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994), and the rulings complained of in this case are no different. *Briggs v. Peck, Shaffer & Williams, L.L.P.*, 2004 WL 950074, *2 (6th Cir. 2004) (unpublished disposition). This principle is designed, in part, to prevent parties from using claim of partiality as a pretext for judge shopping, or from collaterally attacking adverse rulings that should instead be addressed solely through the appellate process. *In re Jewelcor, Inc.*, 166 B.R. 41 (Bkrtcy. M.D. Pa. 1994). Because there is no valid reason or basis to question the undersigned's impartiality in these proceedings, Crowe's motion to recuse will be denied.

      B.     <u>Merits of the Petition</u>.

Crowe's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must

ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255, ¶5. Crowe asserts that his Section 2255 remedy is inadequate or ineffective to accomplish this, thus invoking Section 2255's savings clause.

However, before Crowe's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or

procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Peterman*, 249 F.3d at 461-62.

Crowe's claim is not a claim of "actual innocence" because, even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his

7

conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757; *Bousley v. United States*, 523 U.S. 614, 620 (1998).

### III. CONCLUSION

The Court being sufficiently advised, it is

**ORDERED** as follows:

1. Petitioner's "Motion for Judge Van Tatenhove to Recuse Himself" [Dkt. 4] is **DENIED**.

2. The petition for a writ of habeas corpus [Dkt. 2] is **DENIED.**

3. Petitioner's Request for an Order to Show Cause [Dkt. 5] and Request for Court to Take Judicial Notice..." [Dkt. 6] are **DENIED AS MOOT**.

4. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 21st day of August, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge